UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                Plaintiff,

v.                                          Case No. 21-cv-46-pp

JOHN DOE JAIL OFFICIAL 1,
MILWAUKEE COUNTY JAIL,
MS. RESCH,
and REBECCA POLZIN,
*formerly known as* Rebecca Ehrmann

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 20)**

---

On September 1, 2021, the court screened plaintiff Christopher Goodvine's amended complaint under 28 U.S.C. §1915A. Dkt. No. 19. The court allowed the plaintiff to proceed on the following claims: (1) Fourteenth Amendment failure to protect and medical care claims against Milwaukee County under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978), based on allegations that Milwaukee County Jail policy prevented him from receiving Seroquel in the jail; (2) Fourteenth Amendment failure to protect and medical care claims against John Doe Jail Official Number 1 and Ms. Resch, based on allegations that they refused to provide him with Seroquel medication and/or refer him for treatment; and (3) a Fourteenth Amendment excessive force claim against Lt Ehrmann, based on allegations that Ehrmann unreasonably deployed a taser on the plaintiff. Dkt. No. 19 at 9-11. At

1

screening, the court dismissed former defendants Commander Duckert, Deputy Commander Dobson, Dr. Kim, John and Jane Doe Officials Number 2-5 and Wellpath Health Services. Id. at 12.

The plaintiff filed a motion for reconsideration of the court's order screening his amended complaint. Dkt. No. 20. The plaintiff contends that the court erroneously dismissed Commander Duckert, Deputy Commander Dobson and Dr. Kim "especially given the same facts the court found sufficient to state a claim against Milwaukee County." Dkt. No. 20 at 2. He also states that the court should have allowed him to proceed against Wellpath Health Services because it is the contract company Milwaukee County employed to provide mental health services and thus it is not inconceivable that Milwaukee County might later assert that damages sustained by the plaintiff were caused in part or wholly by subrogated health care providers. Id. at 3.

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., No. 14 C 1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware,

2

Inc. v. Hearthware Home Prods., Inc., No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

The court's screening order explained why it dismissed Duckert, Dobson, Kim and Wellpath:

> The plaintiff cannot proceed on claims against defendants Duckert (who was the commander of the jail), Dobson (who was the deputy commander of the jail), Wellpath (the contract medical provider at the jail) or Dr. Kim (the director of mental health services at the jail). The plaintiff says that his allegations state a claim "of negligence under the doctrine of supervisory liability relative to the plaintiff's Monell claim given that both [Milwaukee County and Wellpath], are liable, including Dr. Kim, for failures of their subordinates and employees under Wisconsin state law." Id. at ¶30. But "[t]here is no such thing as *respondeat superior* liability for government officials under § 1983." Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. June 2, 2021). "The supervisor is therefore liable only if she was personally involved in the constitutional violation." Id. (citing Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017)).

3

> "Personal involvement in a subordinate's constitutional violation requires supervisors to 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" Id. (quoting Matthews v. City of St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)). The plaintiff has not provided any facts about any of these supervisors, much less demonstrated that they knew about the conduct he describe[s] and facilitated, approved, condoned or turned a blind eye to it. The court will dismiss these defendants.

Dkt. No. 19 at 7-8.

The plaintiff has not demonstrated that the court erred in dismissing Duckert, Dobson or Kim. These defendants cannot be held liable unless they had personal involvement in an alleged constitutional violation. And a lawsuit against them in their official capacities based on the Milwaukee County policy the plaintiff alleges prevented him from receiving his Seroquel in the jail would be redundant because the plaintiff already is proceeding on a Monell claim against Milwaukee County based on those allegations. See Monell, 436 U.S. at 690 n.55 (official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent); see also Brandon v. Holt, 469 U.S. 464, 471-73 (1985); Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987). Likewise, the plaintiff has not shown that the court erred by dismissing Wellpath. As explained above, Wellpath cannot be held liable based on *respondeat superior*, or supervisor liability. See Monell, 436 U.S. at 691 (a municipality cannot be held liable solely because it employs a tortfeasor).

The plaintiff has not shown that the court's screening order contains a manifest error of law. The court will deny the plaintiff's motion for reconsideration.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**